# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LARRY WAYNE WEATHERS,**

    **Plaintiff,**

    v.

                                  Civil Action 2:17-cv-683
                                  Judge George C. Smith
                                  Magistrate Judge Chelsey A. Vascura

**AEROTEK, INC.,**

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Larry Wayne Weathers, a resident of Kentucky who proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted. In addition, the Clerk is **DIRECTED** to redact all but the last four digits of Plaintiff's social-security number on the Exhibit to his Complaint (ECF No. 1-3).

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*    \*    \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

---

[1]Formerly 28 U.S.C. § 1915(d).

**II.**

The entirety of Plaintiff's Complaint states as follows:

> Plaintiff states and alleges Case No. 215-cv-0721 and 216-cv-01066 and adds American with Disability Act [e]nacted by George W. Bush Senior and Plaintiff states and alleges he is under said "Act" [e]ntitled to punitive and compensatory damages under said "Act[.]" Diagnoses in 1991 at Kentucky Eastern State hospital – See Exhibit.

(Compl. 3, ECF No. 1-2.) Plaintiff labels his Complaint " Supplemental" and references the following two cases: *Moore v. Aerotek, Inc.*, No. 2:15-cv-2701; and *Rubio-Delgado v. Aeroteck, Inc.*, No. 2:16-cv-1066. Both of these cases were class-action cases arising under the Fair Credit Reporting Act, and both are now closed following the Court's approval of the class-action settlement on July 25, 2017. (Case No. 2:15-cv-2701, ECF No. 40; Case No. 2:16-cv-1066, ECF No. 121.) Plaintiff attaches a treatment record from Eastern State Hospital in Lexington, Kentucky, which contains his full social-security number. In accordance with Federal Rule of Civil Procedure 5.2(a)(1), the Clerk is **DIRECTED** to redact all but the last four digits of Plaintiff's social-security number on the Exhibit (ECF No. 1-3). In terms of relief, Plaintiff asks that the Court award him $20 million in punitive damages and $900,000 in compensatory damages "for violation of American with Disability Act law." (Compl. 4, ECF No. 1-2.)

Plaintiff's Complaint provides no factual content or context from which the Court could reasonably infer that Defendant violated Plaintiff's rights. The Court can discern no relationship between the cases Plaintiff identifies as related (Case No. 2:15-cv-2701 and Case No. 2:16-cv-1066), both of which involve claims under the Fair Credit Reporting Act, and the instant action in which he seeks to assert claims arising under the Americans with Disabilities Act ("ADA"). Moreover, Plaintiff's Complaint is lacking with regard to his purported ADA claims. Title II of

4

the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Thus, to state a claim under Title II of the ADA, Plaintiff must allege that (1) he is an individual with a disability; (2) he was either excluded from participation in or denied the benefits of the public entity's (or entity that receives Federal financial assistance) services, programs or activities or was otherwise discriminated against; and (3) such exclusion, denial of benefits or discrimination was by reason of his disability. *See* 42 U.S.C. § 12132; 29 U.S.C. § 794(a); *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005); *Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988). Even if the Court liberally construes Plaintiff's Complaint to allege that he has a disability, he has not alleged facts sufficient to establish the remaining elements. Because Plaintiff's Complaint fails to state a viable claim under the ADA and further fails to satisfy the basic federal pleading requirements set forth in Rule 8(a), it is recommended that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

### III.

For the reasons set forth above, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) In addition, the Clerk is **DIRECTED** to redact all but the last four digits of Plaintiff's social-security number on Exhibit to his Complaint (ECF No. 1-3). Finally, it is **RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

      /s/ *Chelsey M. Vascura*
      CHELSEY M. VASCURA
      UNITED STATES MAGISTRATE JUDGE